IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL HUDSON                                                    PLAINTIFF

V.                                           CIVIL ACTION NO. 1:09CV302-B-D

CITY OF BALDWYN, MISSISSIPPI,
ET AL.                                                          DEFENDANTS

## ORDER

This cause comes before the court upon the defendants' motion for summary judgment
and the plaintiff's and defendants' motions for leave to file excess pages. Upon due
consideration, the court is ready to rule.

On October 6, 2008, the plaintiff, Michael Hudson, and two other individuals, Gary
Oswalt and Douglas Kent, were arrested at the home of Oswalt's mother in Baldwyn,
Mississippi, for felony possession of a controlled substance (crack cocaine) and misdemeanor
possession of drug paraphernalia. The plaintiff asserts that he had arrived only minutes earlier,
stopping after Oswalt waved him over as he was driving past the property. Defendants Baldwyn
Police Chief Troy Agnew and officers Kevin Pannell and Eric White had been called to the
scene because the street was allegedly block by parked cars. The defendants assert that they
were approached by Oswalt who had been standing near a shed in which he was apparently
living at the time. They further assert that shortly thereafter they were approached by Oswalt's
mother who gave them permission to search the shed wherein they discovered the crack rock and
drug paraphernalia upon which the arrest was based.

Oswalt wrote and signed a voluntary statement on October 9, 2008, stating that Hudson
"had just come by the shed to bull-shit with us." The statement acknowledges Oswalt's
ownership of the drug paraphernalia and at least implies ownership of the "baggies with crumbs

of crack cocaine in them" found on the property.  Oswalt further stated, "I have a night stand with 8-10 crack pipes in it and some baggies."

The plaintiff contends that this exculpatory evidence was given to Baldwyn's investigator, Paul Simpson, who did nothing with the information and did not request Hudson's release.  Simpson did not present Hudson's case to the Prentiss County Grand Jury, which convened on January 7, 2009.  Hudson remained in the Prentiss County jail until February 20, 2009 – the day after Simpson learned that Oswalt planned to plead guilty to the possession charges.  The narcotics possession charge against Hudson was finally presented to the grand jury on March 9, 2009.  The prosecutor informed the jury that Oswalt had pled guilty to the charge, a "no true bill" was returned, and the charges against Hudson were dismissed.

The plaintiff brought the present action pursuant to Section 1983 alleging, inter alia, that the defendants violated the plaintiff's Fourth Amendment rights when they arrested him without probable cause.  The defendants note that the plaintiff signed a waiver of a probable cause hearing after his arrest, but he contends that he did so unknowingly, unwillingly, and without the benefit of the advice of counsel.  Hudson further contends that the defendants improperly detained him for five months by deliberately failing to disclose exculpatory evidence to the prosecutor.  The defendants have moved for summary judgment on all claims.

The court finds the existence of genuine issues of material fact including, but not limited to, whether the defendants had probable cause to arrest the plaintiff,[1] whether the defendants deliberately withheld exculpatory evidence from the prosecutor, and whether the defendant

---

[1]"The existence of probable cause is a mixed question of law and fact."  *U.S. v. Hearn*, 563 F.3d 95, 102 (5th Cir. 2009).  The facts relevant to a probable cause determination in the present case are contested.

officers acted with reckless disregard of the plaintiff's rights.

For the foregoing reasons, the court finds that the defendants' motion for summary judgment is not well taken and shall be **DENIED**. The plaintiff's and defendants' motions for leave to file excess pages are **GRANTED**.

**SO ORDERED AND ADJUDGED** this, the 8th day of April, 2011.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**